UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARLOS GUTIERREZ, Secretary, )<br>U.S. Department of Commerce, *et al.* )<br>)<br>Defendants. )<br>) | Civil Action No. 08-0421 (PLF) |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A SURREPLY
IN FURTHER OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR A
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendant Carlos Gutierrez ("Defendant"), Secretary, United States Department of Commerce ("Agency" or "DOC"), by and through his undersigned attorneys, respectfully moves for leave to file a surreply in further opposition to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion"). Defense counsel has emailed *pro se* Plaintiff and inquired as to Plaintiff's position on this motion, but has yet to receive a response from Plaintiff as of the filing of this motion. The grounds for this motion are as follows.

On March 11, 2008, Plaintiff filed her Complaint and TRO Motion in this action. *See* Docket Entry Nos. 1, 3. Plaintiff's TRO Motion, which was four pages in length, contained not a single legal citation or any other legal support. *See* TRO Motion, Docket Entry No. 3. On March 27, 2008, Defendant opposed Plaintiff's TRO Motion. *See* Opp. to TRO Motion, Docket Entry No. 5. On April 4, 2008, Plaintiff filed a reply to Defendant's opposition. *See* Reply to TRO Motion, Docket Entry No. 6. In her reply, Plaintiff for the first time reveals her legal

argument in support of her TRO Motion and sets forth new unsupported allegations that purportedly support her TRO Motion.

Defendant now seeks leave of this Court to file a brief surreply to address Plaintiff's legal citations and new allegations, which were not set forth in her TRO Motion.

WHEREFORE, based on the foregoing, Defendant respectfully requests leave to file the proposed surreply attached hereto. A proposed order is also attached hereto.

Dated: April 11, 2008  
       Washington, D.C.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR #498610  
United States Attorney

/s/  
RUDOLPH CONTRERAS, D.C. BAR #434122  
Assistant United States Attorney

/s/  
BRIAN P. HUDAK  
Assistant United States Attorney  
555 4th Street, NW  
Washington, DC 20530  
(202) 514-7143

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2008, a true and correct copy of above Defendant's Motion For Leave To File A Surreply In Further Opposition To Plaintiff's Emergency Motion For A Temporary Restraining Order Preliminary Injunction, was served upon *pro se* Plaintiff, by first class United States mail, postage prepaid, to:

> Janet Howard
> P.O. Box 1454
> Spotsylvania, VA 22553

Dated: April 11, 2008
      Washington, D.C.

                                      Respectfully submitted,

                                        /s/
                                      BRIAN P. HUDAK
                                      Assistant United States Attorney
                                      Civil Division
                                      555 4th Street, NW
                                      Washington, DC 20530
                                      (202) 514-7143
                                      brian.hudak@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JANET HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-0421 (PLF) |
| | ) | |
| CARLOS GUTIERREZ, Secretary, | ) | |
| U.S. Department of Commerce, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' SURREPLY IN FURTHER OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION FOR TEMPORARY RESTRAINING
<u>ORDER AND PRELIMINARY INJUNCTION</u>**

Defendant, Carlos Gutierrez ("Defendant"), Secretary, U.S. Department of Commerce ("Agency") by his undersigned attorneys, hereby submits the following surreply in further opposition to Plaintiff Janet Howard's Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion").[1] Plaintiff attempts to raise new arguments and cite previously uncited legal authorities in her Reply Brief in Support of Motion for Preliminary Injunction and for an Expedited Hearing, and Opposition to Defendant's Motion to Dismiss ("Reply"). For the reasons stated below, these new arguments and newly cited authorities are insufficient. Simply put, nothing in Plaintiff's Reply fulfills her burden of showing a likelihood of success on the merits, irreparable harm, or a benefit to the public, which is required for her Motion to be granted. Moreover, the improper surreply declarations filed by Plaintiff this same date are insufficient to fulfill Plaintiff's burden.

---

[1] Unless otherwise noted, terms used herein are intended to have the same meaning as terms defined in Defendant's Opposition.

Therefore, Plaintiff's Motion should be denied.[2]

## ARGUMENT

**I.    PLAINTIFF FAILS TO OFFER ANY EVIDENCE TO SHOW A LIKELIHOOD OF SUCCESS ON THE MERITS.**

Plaintiff presents little more than self-serving allegations and misrepresentations of defense counsel's statements in support of her motion. Such "support," however, is insufficient to fulfill the stringent burden that Plaintiff faces in bringing her Motion.

Plaintiff begins her Reply by stating that "defense counsel conveyed to Court Clerk and Plaintiff, absent a temporary restraining order, the Defendant seeks to terminate Plaintiff from employment before her jury trial against the DoC, scheduled April 21, 2008." Reply at 2. This is simply a misrepresentation of defense counsel's statements. Defense counsel expressly declined to prejudge the Agency's action, if any, on Plaintiff's Proposed Removal, and merely represented to the Court's clerk, that the Agency would not effectuate any decision on the Proposed Removal, whatever it may be, until after April 18, 2008, to allow the Court time to consider the Motion. *See* Opp. at n. 1. Plaintiff's statement is therefore a complete misrepresentation.

Plaintiff next sets forth a host of allegations generally asserting, without support, that Defendant "has been treated differently with regard to promotions, assignments, ratings, awards, treatment and terms and condition of employment," (Reply at 3-4), and "[i]n response to Plaintiff's class activity in 2001, DoC began initiating action to get rid of the Plaintiff." Reply at 4. These unsupported assertions are simply insufficient to fulfill Plaintiff's burden on her Motion. *See* Opp. at 12. Notably, Plaintiff has yet to prevail on any of her 25 administrative

---

[2]    Plaintiff also styles her Reply as an Opposition to Defendant's Motion to Dismiss. No defendant, however, has filed a motion to dismiss as of this date.

complaints or three prior district court complaints, which allege, among other things, that the Agency retaliated against her.  *See* Anderson Decl. at 2-6, *Howard v. Gutierrez*, 05-1968 (JDB) ("*Howard II*"), Docket Entry No. 75, Ex. 1.

Plaintiff also argues that because the Agency set aside funds in FY 2001 to defend itself in Plaintiff's failed class action, it somehow established an impermissible slush fund of taxpayer's money; which Plaintiff argues somehow supports and establishes a likelihood of success on her claims in this action premised upon acts that allegedly took place in FY 2007 and 2008.  This argument is nonsensical.  Exhibit 1 to Plaintiff's Reply merely establishes the obvious -- that the Office of General Counsel within the Agency is responsible for providing "legal representation on behalf of the Department in the conduct of the class action litigation."  *See* Reply at Ex. 1.  There is nothing untoward or impermissible about the Agency defending itself and establishing budgeting processes for doing so.  Indeed, the Agency prevailed in having the class allegations dismissed in *Howard II*.  *See Howard II*, Docket Entry No. 51.

Lastly, Plaintiff argues that certain Agency actions were taken in close proximity to events in her administrative and district court complaints.  Given Plaintiff's prolific amount of protected activity, this argument is without merit.  Without detailing all of Plaintiff's protected activity over the past ten years in Plaintiff's 25 administrative actions and three prior district court actions, it is likely that for any given calendar day in the last ten years, Plaintiff could point to some protected activity that took place in some proximity to any such day.  It strains credulity, however, to believe that every Agency action that in some small way materially affected Plaintiff during the last ten years was the product of intentional retaliation for her protected activity.  Simply put, Plaintiff does not provide any documents, or third-party statements that would

indicate that the PIPs and Proposed Removal were the product of intentional retaliation or discrimination, and thus, her Motion should fail.

## II.  THE AUTHORITIES CITED BY PLAINTIFF IN REPLY, WHICH SUPPOSEDLY SUPPORT HER LIKELIHOOD OF SUCCESS ON THE MERITS, ARE DISTINGUISHABLE.

After not having cited a single legal authority in her Motion, Plaintiff peppers the Court with citations to outdated, irrelevant and distinguishable cases in her Reply.

As an initial matter, Plaintiff does not seek to preserve the status quo in this litigation. She seeks a mandatory preliminary injunction compelling the Agency to cease its normal administrative and review processes, and prohibiting the Agency from removing her from her position.  42 Am. Jur. 2d Injunctions § 5 ("A mandatory injunction . . . does not maintain the status quo but rather compels the performance of an affirmative act.  The person named in a mandatory injunction must undo the wrong or injury with which he or she is charged . . . or restrain[] the performance of an act.").  That is, Plaintiff asks this Court to enter a preliminary injunction granting her the very same relief that she seeks as final relief in her Complaint. Therefore, the authorities cited by Plaintiff in support of the notion that preliminary injunctions may be used to preserve the status quo are inapposite.  Indeed, the D.C. Circuit as warned that "[t]he power to issue a preliminary injunction, especially a mandatory one, should be sparingly exercised."  *Dorfmann v. Boozer*, 414 F.2d 1168, 1173 (D.C. Cir. 1969) (reversing grant of preliminary injunction).

The "similar" cases that Plaintiff repeatedly cites in her Reply are also readily distinguishable from this action.  First, all of the decisions cited by Plaintiff were issued before the Supreme Court's holding in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002).  In *Morgan* the Supreme Court reaffirmed that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of

the law," (*id.* at 108) and that each discrete act of alleged discrimination or retaliation must be separately exhausted before being brought to Court. *Id.* at 114-15; *see also, e.g.*, *Chandler v. Bernanke*, 531 F. Supp. 2d 193, 198 -199 (D.D.C. 2008) (Sullivan, J.) ("under *Morgan,* plaintiff was required to exhaust administrative remedies for all of the discrete discriminatory acts of which she complains").  Indeed, *Bonds v. Heyman*, 950 F. Supp. 1202, 1208 (D.D.C. 1997) (Lamberth, J.), in which the Court relied in part upon the pre-*Morgan* concept that a Plaintiff need not exhaust administrative remedies for each discrete act of discrimination before coming to court, has been recognized as abrogated by *Morgan*.  See *Farris v. Rice*, 453 F. Supp. 2d 76, 80 (D.D.C. 2006) (Urbina, J.) (noting *Bonds* abrogation, and denying preliminary injunction); *Bowie v. Ashcroft*, 283 F. Supp. 2d 25, 34 (D.D.C. 2003) (Facciola, M.J.).[3]  Furthermore, *Saunders v. George Washington Univ.*, 768 F. Supp. 843 (D.D.C. 1991), *Perry v. Golub*, 400 F. Supp 409 (N.D. Ala. 1975), and *Neal v. Director, D.C. Dep't of Corrections*, 1996 WL 293525 (D.D.C. May 30, 1996), did not address or consider any arguments concerning a plaintiff's failure to exhaust administrative remedies.

Plaintiff also relies upon *Wagner v. Taylor*, 836 F.2d 566, 574-75 (D.C. Cir. 1987), in arguing that she need not exhaust her administrative remedies before bringing this action. *Wagner*, however, was decided before *Morgan*, which clearly held that alleged discrete acts of discrimination must each be administratively exhausted. *Morgan*, 536 U.S. at 122.  Furthermore, *Wagner* addressed whether a court had jurisdiction to issue a preliminary injunction to preserve the status quo of the parties in exceptional circumstances when a plaintiff had yet to exhaust her administrative remedies. *Wagner*, 836 F.2d at 571.  On Plaintiff's Motion, however, Defendant argues not that this Court lacks jurisdiction to hear Plaintiff's Motion, but rather that Plaintiff's

---

[3]     *Webb v. District of Columbia*, 864 F. Supp. 175, 184 (D.D.C. 1994), has similarly been abrogated by *Morgan*.  *See Bowie*, 283 F. Supp. 2d at 34.

failure to exhaust prevents a showing of a likelihood of success on the merits, one of the elements in considering a motion for a preliminary injunction. *See* Opp. at 10, n.3. Further, as noted above, Plaintiff does not seek to preserve the status quo, but rather seeks a mandatory injunction preventing the Agency from proceeding with its normal administrative process.

### III.  PLAINTIFF HAS FAILED TO SHOW IRREPARABLE HARM.

Plaintiff relies heavily upon *Segar v. Civiletti*, 516 F. Supp. 314 (D.D.C. 1981), in attempting to argue that she is likely to suffer irreparable harm as a matter of law. As an initial matter, *Segar* was decided before *Morgan* and did not address or consider the effects of a failure to exhaust on a preliminary injunction application. Plaintiff, however, describes *Segar* as "a case directly on point," and argues that like the plaintiff in *Segar*, if a preliminary injunction were not granted here, it would have chilling effects on a class of employees at the Agency. *See* Reply at 10-11. This argument simply lacks merit.

Unlike Ms. Howard, the plaintiff in *Segar* provided undisputed evidence that showed that the employer's proffered reason for taking action against him was clearly pretextual. *See Segar*, 516 F. Supp. at 318-19. Moreover, unlike Ms. Howard, the plaintiff in *Segar* was the highest ranking black employee at the defendant-employer and the alleged retaliatory act was in direct proximity to the plaintiff's isolated protected activity of testifying in support of a pending class action. *See id.* at 315-16. The Court in *Segar*, thus, concluded because the plaintiff had shown a clear and compelling likelihood of success on the merits, that irreparable harm would attach because "[plaintiff], as the highest ranking Black DEA agent, is highly visible to members of the class. His unwarranted transfer and demotion would serve as an example to the class members know your place, don't challenge management, don't assert your right to equal employment opportunity." *Id*. at 320.

In support of her Motion, Ms. Howard does not come close to the showing made in *Segar*. Contrary to her assertions, Plaintiff is not class agent or lead plaintiff in any active class action complaint. That is, the class claims in *Howard II* were dismissed by Judge Bates, and Plaintiff's recently filed administrative, putative class complaint is duplicative of an already existing class complaint in which Plaintiff is not a class agent. *See* Letter to A.J. Culbertson from Blakey of 4/1/2008, attached hereto at Exhibit A. Moreover, unlike the plaintiff in *Segar*, Plaintiff has not made a clear and compelling showing that she is likely to succeed on her claims in this action. Plaintiff's showing of likelihood of success is merely supported by her self-serving allegations and reference to the Agency's FY 2001 Project Descriptions, which as noted above is not at all supportive of Plaintiff's claims. Accordingly, Plaintiff has not made any extraordinary showing of irreparable harm and, thus, this Court should not issue the requested preliminary injunction.

### IV. PLAINTIFF'S IMPROPER SURREPLY DECLARATIONS ARE INSUFFICIENT TO FULFILL PLAINTIFF'S BURDEN.

Apparently in a last ditch, desperate attempt to provide some support for her Motion, Plaintiff this same date filed four declarations purportedly in support of her Motion. Specifically, Plaintiff filed declarations of: (i) herself; (ii) Dr. Reginald Wills; (iii) Tanya Ward Jordan; and (iv) Joyce Megginson. For the reasons stated below, Plaintiff's desperate attempt to support her Motion is insufficient.

*First*, Plaintiff's own declaration, which merely repeats her unsupported allegations set forth in her Complaint and Reply, is patently insufficient to show a likelihood of success on the merits or irreparable harm for the reasons stated above and in Defendant's Opposition. *See Nichols v. Agency for Int'l Dev.*, 18 F. Supp 2d 1, 4-5 (D.D.C. 1998) (Kollar-Kotelly, J.) (denying motion for preliminary injunction where plaintiff alleged he was improperly

terminated, finding that plaintiff failed to establish irreparable harm where plaintiff merely alleged irreparable harm without support or explanation: "If the bare allegations of irreparable injury that Mr. Nichols has marshaled could justify interim injunctive relief, the federal government would be paralyzed from taking necessary personnel action every time an employee believed that his or her termination or involuntary separation was animated by discriminatory or retaliatory animus.") (citations omitted).

*Second*, the declaration of Dr. Reginald Wills, signed on September 1, 2004 and submitted in *Howard v. Gutierrez*, Civ. A. No. 04-0756 (PLF) ("*Howard I*"), is equally insufficient. Simply based upon the date of Dr. Wills' declaration, it is obvious that he sets forth no facts that could support a likelihood of success on the merits or irreparable harm on Plaintiff's claims in this case, which allegedly are based upon acts taking place in 2007 and 2008. Indeed, the totality of his declaration concerns the alleged events underlying *Howard I*.

*Lastly*, the Declarations of Tanya Ward Jordan and Joyce E. Megginson, Ms. Howard's co-plaintiffs and formerly putative class representatives in the failed *Howard II* class action, do not support a likelihood of success on the merits or irreparable harm on Plaintiff's claims in this case. As they admit in their declarations, Ms. Jordan and Ms. Megginson are employed by different offices and bureaus in the Agency than Ms. Howard. *See* Jordan Decl. at ¶¶ 2-3; Megginson Decl. at ¶¶ 2-3. Furthermore, both Ms. Jordan and Ms. Megginson admit that they have no first-hand knowledge of the alleged events giving rise to this action, and admit that the totality of their knowledge of such events are based upon "discussions with Ms. Howard and other DOC employees," and their "understanding of documents." *See* Jordan Decl. at ¶ 22; Megginson Decl. at ¶ 29. Moreover, Ms. Jordan's and Ms. Megginson's declarations do not set forth evidence concerning the claims in this case (*i.e.* claims concerning PIPs in 2007, and the

Proposed Removal).  Indeed, such declarations do little more than describe telephone conversations with Ms. Howard, and claims brought by Ms. Howard in other actions. *See, e.g.,* Jordan Decl. at ¶¶ 16, 20, 21 (alleged events underlying *Howard I*); Megginson Decl. at ¶¶ 13-16 (phone calls with Ms. Howard).

In sum, these last minute declarations are entirely irrelevant to this Motion and do not contain any facts that could help Ms. Howard fulfill the stringent burden that she is required to show on her Motion.

## CONCLUSION

Based on the foregoing, and for the reasons stated in Defendant's Opposition, the Court should deny Plaintiff's request for a preliminary injunction. A proposed order is attached.

Dated: April 11, 2008
       Washington, DC

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

OF COUNSEL:
LISA K. SCHNEIDERMAN, ESQ.
Office of the General Counsel
Employment & Labor Law Division
U.S. Department of Commerce

    /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

# EXHIBIT A



UNITED STATES DEPARTMENT OF COMMERCE
Office of the General Counsel
Washington, D.C. 20230

**VIA FIRST CLASS MAIL & FACSMILE**

April 1, 2008

Andrew Culbertson
Supervisory Administrative Judge
U.S. Equal Employment Opportunity Commission
Washington Field Office
1801 L Street, NW, Suite 100
Washington, D.C. 20507
Facsimile: (202) 419-0701

    Re:    Request to Hold Case in Abeyance - <u>Janet Howard v. U.S. Department of Commerce</u>, EEOC Case No.; Agency Case No. 08-67-00082

Dear Administrative Judge Culbertson:

    On March 5, 2008, the Agency's Office of Civil Rights forwarded the above-captioned class complaint to the Commission's Washington Field Office and requested the appointment of an Administrative Judge to recommend that the class complaint be either dismissed or accepted for processing. This letter is to alert the Commission that Complainant's class complaint appears to assert the same claims that are at issue in both Complainant's pending civil action before the U.S. District Court for the District of Columbia, <u>Janet Howard et al. v. U.S. Dep't of Commerce</u>, Civil Action No. 05-1968, and a pending class complaint before the Commission, <u>Debra Blagburn v. U.S. Department of Commerce</u>, EEOC Case No. 570-2008-00284X; Agency Case No. 07-53-00100. Accordingly, Complainant's complaint must be either dismissed or held in abeyance.

<u>Complainant's pending civil action.</u>

    The allegations Complainant raises in her class complaint before the Commission appear to be the same as the allegations that are the subject of ongoing civil litigation to which Complainant is a party. Specifically, in her district court complaint, attached hereto, Complainant alleges that she has "been subjected to systematic racial discrimination in the form of performance evaluation practices that have an unlawful disparate impact on [her] employment opportunities." To the extent that Complainant's complaint before the Commission alleges the same claims that Complainant is currently litigating in district court, Complainant's complaint must be dismissed pursuant to 29 C.F.R. § 1614.107(a)(3). See <u>Baylink v. Dep't of Veterans Affairs</u>, EEOC Appeal No. 0120070046 (Nov. 26, 2007) ("Commission regulations mandate dismissal of the EEO

complaint [that is the basis of a pending civil action in a United States District Court in which the complainant is a party] so as to prevent a complainant from simultaneously pursuing both administrative and judicial remedies on the same matters, wasting resources, and creating the potential for inconsistent or conflicting decisions, and in order to grant due deference to the authority of the federal district court." (citing Shapiro v. Dep't of Army, EEOC Request No. 05950740 (October 10, 1996); Stromgren v. Dep't of Veterans Affairs, EEOC Request No. 05891079 (May 7, 1990); Kotwitz v. U.S. Postal Serv., EEOC Request No. 05880114 (October 25, 1988)).

The Blagburn class action.

Complaint's allegations also appear to be the same as those asserted in the pending Blagburn class action that is before the Commission. Specifically, the Blagburn class complaint, filed on March 17, 2007, alleges that the Agency discriminated against African-American employees by denying them promotions, transfers, and employment-enhancing assignments. Similarly, Complainant's class complaint, filed on February 21, 2008, alleges that the Agency discriminated against African-American employees with prior EEO activity by giving them lower performance ratings, which in turn precludes them from receiving bonuses, cash awards, and quality step increases. Both Complainant's class complaint and the Blagburn class complaint allege racial discrimination tied to the Agency's Performance Management system. Accordingly, if Complainant's complaint is not dismissed pursuant to 29 C.F.R. § 1614.107(a)(3), Complainant's complaint must be held in abeyance during the pendency of the Commission's decision to accept or reject the Blagburn class complaint. See Roos v. U.S. Postal Serv., EEOC Request No. 05920101 (February 13, 1992); EEOC Management Directive MD-110, Chapter 8, § III.C. ("An individual complaint that is filed before or after the class complaint is filed and that comes within the definition of the class claim(s), will not be dismissed but will be subsumed within the class complaint.").

One difference between the two class complaints is that Complainant asserts a reprisal claim and the Blagburn class complaint does not. Nonetheless, Complainant's complaint should be held in abeyance, despite Complainant's reprisal claim, for a few reasons. First, while Complainant seeks to represent African-American employees who engaged in prior protected activity, the Blagburn putative class representative appears to be seeking to represent a broader group of African-American employees, without regard to whether those individuals engaged in prior protected activity. Thus, it appears that the individuals whom Complainant seeks to represent (to the extent that any exist) would be subsumed by the Blagburn putative class. Second, even if the Commission were to find that African-American employees asserting reprisal claims would not be subsumed by the Blagburn putative class, the Commission should hold in abeyance those claims that would be subsumed while allowing the reprisal claim to proceed separately. See, e.g., Elias v. U.S. Postal Serv., EEOC Appeal No. 0120073374 (Feb. 7, 2008); Reynolds v. U.S. Postal Serv., EEOC Appeal No. 0120063838 (Dec. 7, 2007). Third, due to the highly-individualized nature of reprisal claims, class treatment of Complainant's reprisal claim would not be appropriate. See Ponder v. Social Sec. Admin., EEOC Appeal No. 01A04411 (May 15, 2003) ("due to the individualized nature of reprisal claims, they are

not within the purview of class complaints unless there is a showing of specific reprisal actions being taken against people for challenging agency policies or of reprisal actions being routinely visited upon class members." (citing Levitoff v. Dep't of Agric., EEOC Appeal No. 01913685 (March 17, 1992)), req. for recons. denied EEOC Request No. 05920601 (Sept. 10, 1992); Bumpus v. U.S. Postal Serv., EEOC Appeal No. 01934296 (March 7, 1994) ("[R]eprisal allegations can be so individualized that a plaintiff cannot establish the required nexus with any class.").

If Complainant's class complaint were to proceed, it appears unlikely that Complainant would be able to satisfy the mandatory prerequisites for class certification—particularly the prerequisite of numerosity because there are likely very few, if any, individuals who are similarly situated to Complainant. See 29 C.F.R. § 1614.204(a)(2). Nonetheless, holding Complainant's complaint in abeyance would preclude neither Complainant nor any similarly situated individuals from pursuing their claims in the event that the Blagburn class complaint were dismissed rather than accepted. See EEOC Management Directive MD-110, Chapter 8, § IA. ("If the class complaint is dismissed at the certification stage, the individual complaint may still proceed, unless the same or another basis for dismissal applies.").

As indicated in the attached Designation of Representative form I will serve as the Agency's representatives in this matter. Please do not hesitate to contact me if you have any questions or concerns regarding this matter. You may reach me via telephone at (202) 482-0771, via facsimile at (202) 501-2878 or (202) 482-4751, and via e-mail at tblakey@doc.gov.

Sincerely,

Tiffany Blakey
Agency Representative


Enclosures

cc:   Janet Howard (via first class mail)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington Field Office

| | | |
|---|---|---|
| Janet Howard,<br>Complainant,<br><br>v.<br><br>Carlos M. Gutierrez, Secretary<br>U.S. Department of Commerce,<br>Agency. | * * * * * * * * * * | EEOC Case No.<br>Agency Case No. 08-67-00082 |

## ORDER

Pursuant to Complainant's request to hold the class complaint of <u>Janet Howard v. U.S. Department of Commerce</u>, Agency Case No. 08-67-00082, in abeyance pending the possible certification of the class complaint of <u>Debra Blagburn v. U.S. Department of Commerce</u>, EEOC Case No. 570-2008-00284X; Agency Case No. 07-53-00100, it is hereby ORDERED that the request is GRANTED.

IT IS SO ORDERED on _____ 2008.

FOR THE COMMISSION:         _____
                            Administrative Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD,<br><br>    Plaintiff,<br><br>v.<br><br>CARLOS GUTIERREZ, Secretary,<br>U.S. Department of Commerce, *et al.*<br><br>    Defendants. | Civil Action No. 08-0421 (PLF) |

### [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's motion for leave to file a surreply in further opposition to Plaintiff's motion for a temporary restraining order and preliminary injunction, and for good cause shown, it is hereby:

ORDERED that Defendant's motion is GRANTED; and it is further

ORDERED that Defendant shall have leave to file a surreply in further opposition to Plaintiff's motion for a temporary restraining order and preliminary injunction.

SO ORDERED:

_____                                _____
Date                                                                      PAUL L. FRIEDMAN
                                                                              United States District Judge