UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JANET HOWARD,                           )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )        Civil Action No. 08-421 (PLF)
                                        )
CARLOS GUTIERREZ, Secretary,            )
U.S. Department of Commerce,[1]         )
                                        )
            Defendant.                  )
_____)


MEMORANDUM OPINION AND ORDER

        This matter is before the Court on *pro se* plaintiff Janet Howard's motion for a

preliminary injunction.[2]  The Court heard oral argument on plaintiff's motion on April 14, 2008.

Upon consideration of Ms. Howard's  motion, defendant's opposition, Ms. Howard's reply,

defendant's surreply, and the entire record in this case, the Court will deny Ms. Howard's

motion.

_____

        [1]     Some of plaintiff's papers name Mr. Gutierrez as the sole defendant, while others
name various Department of Commerce officials in addition to Mr. Gutierrez.  As the head of an
agency is the only proper defendant in a suit such as this, see 42 U.S.C. § 2000e-16(c), the Court
will proceed as if Mr. Gutierrez is the lone defendant.

        [2]     The papers submitted in connection with this motion include: Plaintiff Janet
Howard's Memorandum in Support of Emergency Motion for Temporary Restraining Order and
Preliminary Injunction ("Pl.'s Mot."); Defendant's Memorandum of Points and Authorities in
Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary
Injunction ("Def.'s Opp."); Plaintiff's Reply Brief in Support of Motion for a Preliminary
Injunction and for an Expedited Hearing ("Pl.'s Reply"); Plaintiff's Response to Order #2:
Motion for a Temporary Restraining Order and Preliminary Injunction in Civil Action No.
08-421; and Defendant's Surreply in Further Opposition to Plaintiff's Emergency Motion for
Temporary Restraining Order and Preliminary Injunction.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff has worked for the United States Department of Commerce for over twenty years.  See Def.'s Opp. at 3.  She is currently employed as an Export Compliance Specialist.  Id. at 3-4.  On November 13, 2007, her supervisor, Todd Willis, placed her on a Performance Improvement Plan ("PIP").  Id. at 5.  The stated purpose of the PIP was to "allow [Ms. Howard] an opportunity to raise [her] performance to [a] satisfactory level."  Pl.'s Reply, Ex. 3, Letter from Todd Willis to Janet Howard Regarding PIP at 1 (Nov. 13, 2007).  In his letter setting forth the PIP, Mr. Willis informed Ms. Howard that failure to meet the requirements of the PIP could have adverse consequences including demotion or termination.  See id. at 6.  On February 5, 2008, Ms. Howard filed a formal Equal Employment Opportunity complaint claiming that the November 2007 PIP was discriminatory and retaliatory.  See Def.'s Opp. at 6.

In a letter dated February 27, 2008, Mr. Willis informed Ms. Howard that, based on her failure to meet the requirements of the PIP, he was proposing to terminate her employment.  See Pl.'s Reply, Ex. 4, Letter from Todd Willis to Janet Howard Regarding Notice of Proposed Removal at 1 (Feb. 27, 2008).  That letter also stated that the proposed removal would become effective no earlier than 30 days from Ms. Howard's receipt of the letter.  See id.[3]

On March 6, 2008, Ms. Howard amended her February 5, 2008 administrative complaint, so that it encompassed not only the November 2007 PIP but also the notice of proposed removal.  See Def.'s Opp. at 6.  On March 11, 2008, Ms. Howard initiated the instant suit and filed a motion for a temporary restraining order and preliminary injunction (which this

---

[3]    Defendant subsequently agreed to refrain from effectuating any sanction until April 18, 2008, in order to permit this Court to deal with Ms. Howard's preliminary injunction motion in an orderly fashion.

Court is treating as a motion for a preliminary injunction).  In that motion, Ms. Howard asks this

Court to compel defendant "to cease and desist any attempts to remove her from her government

job."  Pl.'s Mot. at 4.  She argues that defendant's explanation for the notice of proposed removal

– deficient performance – is pretextual, and that defendant in fact seeks to terminate her in

retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. §§ 2000e *et seq.*  Id. at 1.[4]  She further argues that she is entitled to

the extraordinary remedy she seeks because, absent such relief, she faces the possibility of

termination and "[i]rreparable harm [including] loss of revenue . . . loss of benefits (medical and

life), prescription drug[s], reduced retirement benefits, loss of home, loss of car and enjoyment of

life, mental and physical anguish, [and] personal embarrassment."  Id. at 3-4.

## II.  STANDARD

In deciding whether to grant emergency injunctive relief, the Court must consider

(1) whether there is a substantial likelihood that plaintiff will succeed on the merits of her claim,

(2) whether plaintiff will suffer irreparable injury in the absence of an injunction, (3) the harm to

defendants or other interested parties (balance of harms), and (4) whether an injunction would be

in the public interest or at least not be adverse to the public interest.  See Belbacha v. Bush, No.

07-5258, 2008 WL 680637, at *5 (D.C. Cir. 2008); Ellipso, Inc. v. Mann, 480 F.3d 1153, 1157

(D.C. Cir. 2007); Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d

---

[4]     In addition to this case, Ms. Howard is a plaintiff in two other civil cases in which
defendant is accused of unlawful retaliation and/or discrimination: Howard v. Gutierrez, Civil
Action No. 04-756, before the undersigned, and Howard v. Gutierrez, Civil Action No. 05-1968,
before Judge Bates.  Ms. Howard has also filed over twenty administrative complaints of
retaliation and discrimination against her employer since 1995.  See Howard v. Gutierrez, Civil
Action No. 04-756, Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 34.

841, 843 (D.C. Cir. 1977).

Plaintiffs are not required to prevail on each of these factors. Rather, the factors must be viewed as a continuum, with more of one factor compensating for less of another. "A court must balance these factors, and '[i]f the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak.'" Ellipso, Inc. v. Mann, 480 F.3d at 1157 (quoting CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C. Cir. 1995)). An injunction may be justified "where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d at 747. Conversely, when the other three factors strongly favor interim relief, a court may grant injunctive relief when the moving party has merely made out a "substantial" case on the merits. The necessary level or degree of likelihood of success that must be shown will vary according to the Court's assessment of the other factors. See Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d at 843-45.

### III.  DISCUSSION

#### A.  Likelihood of Success

Ms. Howard cannot demonstrate that she is likely to succeed on the merits because she has failed to exhaust her administrative remedies.

Federal employees must exhaust their administrative remedies before filing suit under Title VII. See 42 U.S.C. § 2000e-16(c); Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997). As noted above, on March 6, 2008, Ms. Howard amended a previous EEO complaint

to include a claim that the notice of proposed removal at issue in this case is discriminatory and/or retaliatory.  All agree that this administrative complaint "is in the initial stages of the administrative process,"  Def.'s Opp. at 6 – that is, that Ms. Howard has not exhausted her administrative remedies with respect to the notice of proposed removal.[5]

     Ms. Howard's undisputed failure to exhaust her administrative remedies makes it impossible for this Court to conclude that she is likely to succeed on the merits because premature suits like this one are routinely dismissed.  See e.g., Jones v. Ashcroft, 321 F. Supp. 2d 1, 10 (D.D.C. 2004) ("Ordinarily, individuals who fail to comply with these administrative deadlines will be denied a judicial audience."); Howard v. Evans, 193 F. Supp. 2d 221, 228 (D.D.C. 2002) (same).  Thus, Ms. Howard cannot satisfy the first part of the four-part test articulated above.

*B.  Irreparable Harm*

     Ms. Howard maintains that she will be irreparably harmed if defendant terminates her because she will lose her salary – and with it her benefits (including, most importantly to her, her medical benefits and the ability to obtain needed prescription drugs), her home, her car, and her dignity.  See Pl.'s Mot. at 3-4.  These are real injuries, but they are not *irreparable* injuries.

     As Judge Urbina has observed, "given the court's equitable powers [in an employment discrimination case] to remedy for loss in employment through, for example, back pay and time in service credit, cases are legion holding that loss of employment does not constitute irreparable injury."  Farris v. Rice, 453 F. Supp. 2d 76, 79 (D.D.C. 2006); see also

---

[5]    Ms. Howard conceded this point at oral argument.

Sampson v. Murray, 415 U.S. 61, 90 (1974) (temporary loss of income is not irreparable injury).

In short, because "adequate compensatory or other corrective relief will be available at a later

date" should Ms. Howard ultimately prevail, her injuries are not sufficiently "irreparable" to

support the grant of a preliminary injunction.  Nichols v. Agency for Int'l Dev., 18 F. Supp. 2d 1,

4 (D.D.C. 1998).[6]  Ms. Howard therefore cannot satisfy the second part of the four-part test

articulated above.

        Because Ms. Howard cannot demonstrate that she is likely to succeed on the

merits or that she will be irreparably injured, the Court need not engage in any further analysis.

See Howard v. Evans, 193 F. Supp. 2d at 228 (movant must make some showing on all four

factors for preliminary injunction to issue).  In any event, the final two factors – the balance of

harms and the public interest – favor defendant, because "[i]f the bare allegations of irreparable

injury that [Ms. Howard] has marshaled could justify interim injunctive relief, the federal

government would be paralyzed from taking necessary personnel action every time an employee

believed that his or her termination" was discriminatory or retaliatory.  Nichols v. Agency for

Int'l Dev., 18 F. Supp. 2d at 6.  Accordingly, it is hereby

---

        [6]        Both Ms. Howard and defendant assume that movants seeking to preliminarily
enjoin the federal government from taking employment action face a higher hurdle on the
"irreparable injury" prong than other movants.  See Pl.'s Reply at 10; Def.'s Opp at 10.  It is not
entirely clear that this rule applies in Title VII cases.  See Jordan v. Evans, 355 F. Supp. 2d 72,
77 (D.D.C. 2004).  The Court need not resolve this issue, however, because plaintiff fails to meet
the traditional standard for irreparable injury.  See Wagner v. Taylor, 836 F.2d 566, 576 n.66
(D.C. Cir. 1987).

ORDERED that plaintiff's motion for a preliminary injunction [3] is DENIED.

This is a final appealable order.  <u>See</u> 28 U.S.C. § 1292(a)(1).

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 16, 2008

7