UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANET HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-0421 (PLF) |
| | ) | |
| CARLOS GUTIERREZ, Secretary, | ) | |
| U.S. Department of Commerce, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>MOTION TO DISMISS</u>

Plaintiff brings this action against Defendant Carlos Gutierrez ("Defendant"), Secretary, United States Department of Commerce ( "Agency") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") seeking redress for alleged discrimination and retaliation. Defendant hereby respectfully moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted.

In support of this Motion, Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities, and exhibit attached thereto. Because this is a dispositive motion, Defendant has not sought Plaintiff's consent. *See* L. Civ. R. 7(m).

Dated: May 12, 2008
      Washington, DC

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

OF COUNSEL:
LISA K. SCHNEIDERMAN, ESQ.
Office of the General Counsel
Employment & Labor Law Division
U.S. Department of Commerce

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANET HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-0421 (PLF) |
| | ) | |
| CARLOS GUTIERREZ, Secretary, | ) | |
| U.S. Department of Commerce, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, Carlos Gutierrez ("Defendant"), Secretary, U.S. Department of Commerce ("Agency"),[1] by his undersigned attorneys, respectfully submits the following memorandum of points and authorities in support of his motion to dismiss ("Motion") the complaint ("Complaint") filed by Plaintiff Janet Howard ("Plaintiff") in this action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Quite simply, Plaintiff's claims are untenable at this time because Plaintiff has failed to exhaust her administrative remedies.

**BACKGROUND**

To avoid unnecessary duplication, Defendant hereby incorporates the Background set forth in its Opposition to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction ("PI Opposition"), Docket Entry No. 5. *See* PI Opp. at 3-6. Defendant, however, also

---

[1] As the Court noted in its Memorandum Opinion and Order of April 16, 2008, Docket Entry No. 12 ("PI Opinion"), at times Plaintiff appears to also bring this action against certain individuals in their official capacities. PI Opinion at n.1; *see, e.g.*, Compl. at 2. However, as the Court further noted in its PI Decision, "the head of an agency is the only proper defendant in a suit such as this[.]" PI Opinion at n.1, *citing*, 42 U.S.C. § 2000e-16(c). Accordingly, to the extent Plaintiff attempts to name other Agency officials, claims against such individuals should fail. *See id.*; *Howard v. Evans*, 193 F. Supp. 2d 221, 223, n.1 (D.D.C. 2002) (denying Plaintiff Janet Howard's application for a preliminary injunction, noting that the head of an agency is the only proper defendant in a Title VII action).

makes specific reference to the following information for the Court's convenience.

## I.    ALLEGED DISCRIMINATORY AND RETALIATORY ACTS.

On November 13, 2007, Todd Willis, Plaintiff's first-line supervisor, placed Plaintiff on a performance improvement plan (the "November 2007 PIP") due to Plaintiff's unsatisfactory performance for FY 2007.  *See* Compl. at ¶ 15; PIP Memo of 11/13/2007, Exhibit 1 to Complaint.[2]  Indeed, coincident to issuing the November 2007 PIP, Mr. Willis rated Plaintiff's performance for FY 2007 as unsuccessful ("November 2007 Evaluation").  *Id.* at 2.  Because Plaintiff failed the November 2007 PIP, Mr. Willis proposed Plaintiff's removal by memorandum dated February 27, 2008 ("Proposed Removal").  *See* Proposed Removal, Exhibit 3 to Complaint.

## II.    PLAINTIFF'S RECENTLY FILED ADMINISTRATIVE COMPLAINT.

On February 5, 2008, Plaintiff filed a formal EEO complaint ("Administrative Complaint") with Defendant's Office of Civil Rights, which alleged that Plaintiff was subject to discrimination, retaliation and harassment stemming from the November 2007 PIP.  *See* Thomas Decl. at ¶¶ 7a - 7c, PI Opposition at Ex. B.  On March 6, 2008, Plaintiff amended her formal

---

[2]    Pursuant to Rule 12(b)(6), the Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Brown v. Bureau of Prisons*, 498 F. Supp. 2d 298, 301 (D.D.C. 2007) (Kessler, J.) (internal quotations omitted).  Accordingly, the Court may consider the PIP Memo of November 13, 2007, attached to the Complaint at Exhibit 1.  Moreover, the Court may refer to the attached Declaration of Kathryn H. Anderson, attached hereto at Ex. 1, and the Declaration of Susan E. Thomas, submitted with Defendant's PI Opposition at Exhibit B, as such declarations merely summarize the administrative proceedings on Plaintiff's EEO complaints of which the Court may take judicial notice.  *See, e.g.*, *Conecuh-Monroe Cmty. Action Agency v. Bowen*, 852 F.2d 581, 583 (D.C. Cir. 1988) (taking judicial notice of an administrative decision).

Furthermore, if the Court finds it necessary to rely upon materials beyond those permitted in considering a Rule 12(b)(6) motion, it may do so by converting this Motion and entering summary judgment in favor of Defendant.  See Fed. R. Civ. P. 12(b); 56.  Plaintiff should take notice that any factual assertions contained in the documents attached to this motion may be accepted by the Court as true unless Plaintiff submits her own affidavit or other documentary evidence contradicting the assertions in such documents.  *See Neal v. Kelly*, 963 F.2d 453, 456-57 (D.C. Cir. 1992); LCvR 7(h); Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.").

EEO complaint of February 5, 2008, to include the Proposed Removal.  *See id.* at ¶ 8.  At present, Plaintiff's Administrative Complaint is still in the administrative process.  *See id.* at ¶ 9.

## III.    PLAINTIFF PREMATURELY FILED THIS ACTION.

On March 12, 2008, Plaintiff filed the Complaint in this action alleging that she was subject to discrimination and retaliation when the Agency (i) rated her as unsuccessful in November 2007 ("November 2007 Evaluation"), (ii) placed her on a performance improvement plan in November 2007 ("November 2007 PIP"), and (iii) issued a notice of proposed removal ("Proposed Removal").  *See* Compl. 4-5.[3]

## ARGUMENT

## I.    MOTION TO DISMISS STANDARD.

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007), *citing Twombly*.  Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support Plaintiff's claim for relief.  *Id.*  Indeed, "'[w]ithout some factual allegation in the complaint, it is hard to see how a [plaintiff] could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also

---

[3]    Plaintiff also makes a passing allegation concerning a performance improvement plan issued to her in the spring of 2007 (the "April 2007 PIP").  *See* Compl. at ¶ 12.  It is unclear from the face of Plaintiff's Complaint whether Plaintiff intended this allegation to form the basis of a cause of action, or whether Plaintiff included this allegation as background information.  In any event, even if Plaintiff intended to base a claim in this action upon such an allegation, Plaintiff has failed to properly exhaust her administrative remedies as to such claim.  Indeed, Plaintiff last amended the administrative EEO complaint concerning the April 2007 PIP on November 15, 2007, less than 180 days before Plaintiff filed her Complaint in this action.  *See* Declaration of Kathryn H. Anderson, submitted in *Howard v. Gutierrez*, 05-1968 (JDB) at "Howard 24," attached hereto at Ex. 1.

"grounds" on which the claim rests.'" *Chung v. Chao*, 518 F. Supp. 2d 270, 273, n.3 (D.D.C. 2007) (Kessler, J.), *quoting Twombly*.

The Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004), *citing Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. *Linares v. Jones*, 04-0247(GK), 2007 WL 1601725, at *6 (D.D.C. June 4, 2007), *citing Kowal*, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." *Id.* For the reasons stated below, Plaintiff has failed to plead a claim upon which relief can be granted because she has failed to properly exhaust her administrative remedies.

## II. PLAINTIFF HAS FAILED TO PROPERLY EXHAUST HER ADMINISTRATIVE REMEDIES.

Plaintiff has not exhausted her administrative remedies as to the claims alleged in her Complaint. Accordingly, Plaintiff's Complaint should be dismissed.

Under Title VII, an employee of the federal government, such as Plaintiff, may raise claims of employment discrimination, retaliation and harassment in federal court only after she has exhausted certain administrative remedies. 42 U.S.C. § 2000e *et. seq*; 29 C.F.R. § 1614.407. In order to initiate the administrative process, an employee must contact an EEO counselor within 45 days of the alleged discriminatory act; and after a final interview with the counselor, may file a formal administrative complaint within 15 days after receiving a right to file notice. 29 C.F.R. §§ 1614.105-106. Once a formal administrative complaint has been filed, the agency has 180 days from the filing of the formal complaint to investigate the issues raised in the

complaint.[4]  *See* 42 §2000e-16(c); 29 C.F.R. § 1614.106(e)(2).  Only after this time has lapsed, or after the agency issues a final decision (whichever is earlier), may the employee pursue his or her claims in federal court.  *See* 42 §2000e-16(c); 29 C.F.R. § 1614.407(b).  A complaint brought in federal court before such time is subject to dismissal.  *Id.*

As Plaintiff is well aware from *Howard v. Evans*, 193 F. Supp. 2d at 228, a court will dismiss an action when Plaintiff's claims have not been properly exhausted.  *Id.*  Indeed, in *Howard v. Evans* -- which concerned essentially the same allegations now being litigated in *Howard v. Gutierrez*, Civ. A. No. 04-0756 (PLF) -- Judge Urbina dismissed Plaintiff's complaint when Plaintiff failed to exhaust her administrative remedies:

> Applying these principles to the case at bar demonstrates that the plaintiff's failure to exhaust administrative remedies before filing the present action against the defendant bars her claim for injunctive relief. *See* 42 U.S.C. § 2000e-16(c). Further, the defendant argues that, in connection with the requirements imposed by 42 U.S.C. § 2000e-16(b), the plaintiff had barely begun to meet with an EEO counselor before initiating the present litigation regarding the relocation of her work station, and that the defendant was not given ample time to investigate, mediate, and alleviate the situation. *See* Def.'s Mot. for Summ. J. at 16. Accordingly, because the plaintiff's complaint admits, in no uncertain terms, that she did not seek administrative remedies before initiating the current lawsuit, this court must dismiss the plaintiff's complaint since it lacks subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* FED. R. CIV. P. 12(b)(1); 42 U.S.C. § 2000e-16(c); *Brown v. General Servs. Admin.,* 425 U.S. at 832, 96 S.Ct. 1961; *Marshall,* 130 F.3d at 1098; *Park,* 71 F.3d at 907-09; *American Bankers Ass'n.,* 38 F.Supp.2d at 140 (internal quotation omitted).

*Howard v. Evans*, 193 F. Supp. 2d at 228.  To be true, "[t]he [exhaustion] requirement is 'not a mere technicality;' rather, the D.C. Circuit has clearly admonished that a district court should not

---

[4]      When an employee amends a formal EEO complaint, the Agency has the earlier of 180 days from the last amendment or 360 days from the filing of the original complaint in which to complete its investigation. 29 C.F.R. § 1614.106(e)(2); *see also, e.g.*, *Laber v. Harvey*, Civ. A. No. 05-0803, 2005 WL 3008510, at *2 (E.D. Va. Nov. 7,

'allow liberal interpretation of an administrative charge to permit a litigant to bypass the Title VII administrative process.'" *Id., quoting Park v. Howard Univ.*, 71 F.3d 904, 907-09 (D.C. Cir. 1995). [5]

Applying this standard to Plaintiff's claims, it is clear that Plaintiff's Complaint is ripe for dismissal. On March 6, 2008, Plaintiff amended her then existing Administrative Complaint concerning the November 2007 PIP, by adding a claim premised upon the Proposed Removal. *See, supra*, at 3. Accordingly, Plaintiff cannot bring an action premised upon such acts until September 4, 2008 (*i.e.*, the first weekday following 180 days after such amendment), unless the agency issues a final decision before that date, which has not yet occurred. Therefore, Plaintiff's claims should be dismissed.

\*   \*   \*

---

2005) ("when a complainant accepts the opportunity to file an amended EEOC complaint, the regulations impose an attendant condition that the EEOC be provided reasonable additional time to investigate the new allegations").

[5]     There exists some uncertainty within this District regarding whether a failure to properly exhaust administrative remedies is properly brought in a Rule 12(b)(1) motion, as a jurisdictional defect, or in a 12(b)(6) motion. *Compare Mills v. Billington*, Civ. A. No 04-2205 (HHK), 2006 WL 1371683, at *2 (D.D.C. May 16, 2006) ("It is well-settled that a plaintiff's failure to exhaust her administrative remedies will deprive a district court of subject matter jurisdiction[.]"); *Williams v. Chertoff*, Civ. A. No. 05-0211 (RCL), 2005 WL 3200794, at *1 (D.D.C. Nov. 1, 2005) (same); *Ivey v. Nat'l Treasury Employees Union*, Civ. A. No. 05-1147 (EGS), 2007 WL 915229, at *2 (D.D.C. Mar. 27, 2007) (analyzing failure to exhaust argument under Rule 12(b)(1)); *with Holmes v. PHI Serv. Co.,* 437 F. Supp. 2d. 110, 118-23 (D.D.C. 2006) (Walton, J.) (failure to timely exhaust is not a jurisdictional defect); *see also Rann v. Chao*, 346 F.3d 192, 195 (D.C. Cir. 2003) (recognizing that prior D.C. Cir. decisions have reached conflicting answers as to whether a failure to exhaust is jurisdictional, but declining to decide the matter); *Mianegaz v. Hyatt Corp.*, 319 F. Supp. 2d 13, 17 (D.D.C. 2004) (Urbina, J.) (same); *Marcelus v. Corr. Corp. of Am. / Corr. Treatment Facility*, 540 F. Supp. 2d 231, n.4 (D.D.C. Mar. 31, 2008) (Leon, J.) (noting that "courts in this district continue to grapple with the appropriate standard for failure to exhaust," and deciding that Rule 12(b)(6) is proper avenue for failure to exhaust defenses). However, much like in *Rann*, the distinction for purposes of this Motion is academic as dismissal is appropriate under either Rule 12(b)(1) or Rule 12(b)(6). Defendant moves under Rule 12(b)(6) because he understands that this Court considers a failure to properly exhaust to be an affirmative defense; not a jurisdictional defect. *See Walker v. Paulson*, Civ. A. No. 06-1115 (PLF), 2007 WL 1655879,at * 2 (D.D.C. June 7, 2007).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss the totality of Plaintiff's claims in this action.  A proposed order is attached.

Dated: May 12, 2008
   Washington, DC

            Respectfully submitted,

            _____
            JEFFREY A. TAYLOR, D.C. BAR #498610
            United States Attorney

<u>OF COUNSEL:</u>
LISA K. SCHNEIDERMAN, ESQ.
Office of the General Counsel        /s/
Employment & Labor Law Division  _____
U.S. Department of Commerce    RUDOLPH CONTRERAS, D.C. BAR #434122
            Assistant United States Attorney

              /s/
            _____
            BRIAN P. HUDAK
            Assistant United States Attorney
            555 4th Street, NW
            Washington, DC 20530
            (202) 514-7143

            *Attorneys for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 12th day of May, 2008, a true and correct copy of above

Motion to Dismiss, was served upon *pro se* Plaintiff, by first class United States mail, postage

prepaid, to:

Janet Howard<br>
P.O. Box 1454<br>
Spotsylvania, VA 22553

Dated: May 12, 2008
      Washington, D.C.

                                       Respectfully submitted,

                                          /s/

                                        BRIAN P. HUDAK
                                        Assistant United States Attorney
                                        Civil Division
                                        555 4th Street, NW
                                        Washington, DC 20530
                                        (202) 514-7143
                                        brian.hudak@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 08-0421 (PLF) |
| | ) |
| CARLOS GUTIERREZ, Secretary, | ) |
| U.S. Department of Commerce, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's Motion to Dismiss, and for good cause shown, it is hereby:

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that this action is DISMISSED without prejudice.

SO ORDERED:


_____
Date

_____
PAUL L. FRIEDMAN
United States District Judge

# EXHIBIT
# 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>CARLOS M. GUTIERREZ, Secretary, )<br>United States Department of Commerce, )<br><br>Defendant. ) | Civil Action No. 05-01968 (JDB) |

## DECLARATION OF KATHRYN H. ANDERSON

I, Kathryn H. Anderson, pursuant to 28 U.S.C. §1746, declare under penalty of perjury

that the following are true and based on my personal knowledge:

1.  I am over the age of 18 and am fully competent to make this declaration.

2.  I am the Chief, Administration and Special Projects Division, Office of Civil Rights at the United States Department of Commerce. I report directly to the Director, Office of Civil Rights, which is in the Office of the Chief Financial Officer and Assistant Secretary for Administration. The Office of Civil Rights works to ensure equal opportunity and accessibility for users of programs and services operated or funded by the Department, and equal opportunity for Commerce employees and job applicants.

3.  One component of my official duties is to monitor and track all complaints against the Department alleging discrimination or retaliation. My office has developed a computerized system, called "EEO Track" that contains information that allows us to access our office files on those complaints.

4.  These files are maintained in the regular course of business, and I reviewed those records pertaining to the individuals named in this action. The results of that review follow:

5.  Regarding Plaintiff Janet Howard, office records show that Plaintiff Howard has filed twenty-five (25) formal complaints and two (2) informal complaints of discrimination against the Department:

Howard 1:    Agency Complaint No. 88-51-00510 (filed April 21, 1988) alleged failure to promote and discriminatory performance evaluations on the bases of race and sex. Following an administrative hearing the Department rejected the Administrative Judge's finding of discrimination and issued a finding of no discrimination on October 8, 1991. EEOC's Office of Federal Operations affirmed the finding of no discrimination on June 30, 1992 (EEOC Appeal No. 01920393).

Howard 2:    Agency Complaint No. 88-51-01020 (filed August 1, 1988) alleged failure to promote and discriminatory performance evaluation on the bases of race and sex. Following an administrative hearing the Department rejected the Administrative Judge's finding of discrimination and issued a finding of no discrimination on October 8, 1991. EEOC's Office of Federal Operations affirmed the finding of no discrimination on June 30, 1992 (EEOC Appeal No. 01920393).

Howard 3:    Agency Complaint No. 90-51-01020 (filed July 8, 1990) alleged failure to promote based on race. Howard 3 was settled on July 11, 1994.

Howard 4:    Agency Complaint No. 94-67-00800 (filed November 19, 1993) alleged retaliation in the assignment of duties and performance appraisals. Howard 4 was settled on July 11, 1994.

Howard 5:    Agency Complaint No. 95-67-00260 (filed November 2, 1994) alleged retaliatory failure to promote. On September 5, 1997, a decision was issued finding no discrimination. EEOC's Office of Federal Operations sustained the finding of no discrimination on September 22, 1999 (EEOC Appeal No. 01980179).

Howard 6:    Agency Complaint No. 95-67-02780 (filed March 22, 1995) alleged discrimination on the bases of race and retaliation with regard to failure to promote, assignment of duties, performance evaluations and awards. Howard 6 was filed as a class action. Howard 6 was withdrawn from the administrative process with the filing of the instant civil action.

Howard 7:    Agency Complaint No. 95-67-03960 (filed July 20, 1995) alleged discrimination in promotion on the bases of race and sex. On September 5, 1997, a finding of no discrimination was issued. EEOC's Office of Federal Operations sustained the finding of no discrimination on September 22, 1999 (EEOC Appeal No.

01980179).

Howard 8:    Agency Complaint No. 96-67-01940 (filed March 6, 1996) alleged failure to promote based on sex and race. On September 5, 1997, a finding of no discrimination was issued.    EEOC's Office of Federal Operations sustained the finding of no discrimination on September 22, 1999 (EEOC Appeal No. 01980179).

Howard 9:    Agency Complaint No. 96-67-03650 (filed October 15, 1996) alleged that Howard received a reprimand or was held to a higher standard of conduct in retaliation for prior protected activity. On August 1, 1997, a decision finding no discrimination was issued. Plaintiff Howard filed a civil action based on the allegations in Howard 9. That action closed with a finding of no discrimination on March 30, 1999.

Howard 10:    Agency Complaint No. 97-67-00430 (filed December 12, 1996) alleged retaliatory performance evaluation/appraisal.  On August 27, 1997 a decision was issued finding no discrimination.  Plaintiff Howard filed a civil action (CV 97-2877) based on the allegations in Howard 10.    That action closed with a finding of no discrimination on March 30, 1998.

Howard 11:    Agency Complaint No. 98-67-00270 (filed March 3, 1996) alleged discrimination on the bases of race and reprisal in the assignment of duties, awards, and performance evaluations. Following an administrative hearing, the Agency accepted the Administrative Judge's recommendation and issued a finding of no discrimination on August 16, 1999.

Howard 12:    Agency Complaint No. 99-67-00140 (filed March 1, 1999) alleged retaliatory failure to promote.    A decision finding no discrimination was issued on February 7, 2000.

Howard 13:    Agency Complaint No. 99-67-00722 (filed August 25, 1999) alleged failure to promote on the bases of race, age, disability, color, and retaliation. Howard 13 was dismissed as untimely filed on October 27, 1999.

Howard 14:    Agency Complaint No. 00-67-03254 (filed September 6, 2000) alleged failure to provide training based on age, disability, race, color and retaliation. Howard 14 was dismissed for failure to state a claim on December 7, 2000.   EEOC's Office of Federal Operations remanded the case to the Agency for investigation

3

(EEOC Appeal No. 01A12665, EEOC Request No. 05A10801). Howard 14 was consolidated with Howard 6 as part of the administrative class action that was dismissed with the filing of the instant civil action.    The last action taken on the case as an individual administrative complaint was to issue the Report of Investigation on September 3, 2002.

Howard 15:    Agency Complaint No. 01-67-00128 (filed February 8, 2001) alleged failure to promote based on race, color, age, disability, and retaliation.  Howard 15 was consolidated, along with Howard 14, with Howard 6 as part of the administrative class action that was dismissed with the filing of the instant civil action. The last action taken on the case as an individual administrative complaint was to issue the Report of Investigation on September 3, 2002.

Howard 16:    Agency Complaint No. 01-67-00321 (filed August 24, 2001) alleged harassment on the bases of age, disability, color, national origin, and retaliation.  The Agency accepted an Administrative Judge's recommended decision and issued a decision finding no discrimination on May 5, 2004.  Plaintiff Howard filed a civil action, No. 04-756, and these allegations, along with the allegations in Howard 18, below, were the subject of additional proceedings in the United States District Court for the District of Columbia.  *See Howard v. Gutierrez*, 405 F. Supp. 2d 13 (D.D.C. 2005), 23 F.R.D. 310 (D.D.C. 2006).

Howard 17:    Agency Complaint No. 02-67-00037 (filed January 2, 2002) alleged discrimination on the bases of age, disability, color, race, and retaliation in performance evaluations.  Howard 17, along with Howard 14 and Howard 15, was consolidated with Howard 6 as part of the administrative class action that was dismissed with the filing of the instant civil action. The last action taken on the case as an individual administrative complaint was to issue the Report of Investigation on September 3, 2002.

Howard 18:    Agency Complaint No. 03-67-00036 (filed December 17, 2003) alleged failure to accommodate and discriminatory performance appraisal based on age, disability, national origin, race, and retaliation.  By order of the Administrative Judge assigned to the Howard 6 class action, Howard 18 was held in abeyance.  The failure to accommodate claim was dismissed by OCR when Howard 16 was filed in federal court (Civil Action 04-0756 (PLF)).  The Administrative Judge issued the order on December 18, 2005, dismissing the hearing request and ordering the Agency

4

to hold the remaining claims in abeyance pending certification of Howard 6 in federal court. The last action taken on the case as an individual administrative complaint was that Howard requested a hearing on June 3, 2005.

Howard 19:    Agency Complaint No. 04-67-00078 (filed March 25, 2004) alleged discrimination on the bases of age, disability, color, race, and retaliation in the granting of training and awards. Howard 19 was consolidated with Howard 18 for investigation. By order of the Administrative Judge assigned to the Howard 6 class action at the administrative stage, Howard 19 was held in abeyance. The last action taken on the case as an individual administrative complaint was that Howard requested a hearing on June 3, 2005.

Howard 20:    Agency Complaint No. 05-67-00075 (filed May 25, 2005) alleged discrimination on the bases of age, disability, race, color, and retaliation in the granting of awards. Howard requested a hearing on March 16, 2006, but this case has been held in abeyance pending further proceedings in Howard 6.

Howard 21:    Agency Complaint No. 05-67-00200 (filed December 20, 2005) alleged discrimination on the bases of age, disability, color, and national origin in the granting of training and travel. Howard requested a hearing on June 6, 2006. The Administrative Judge dismissed the case from hearing and remanded it to the Agency for a Final Agency Decision on February 9, 2007. The Agency issued a decision finding no discrimination on April 30, 2007. Howard appealed to the EEOC's Office of Federal Operations, but the Agency's decision was upheld on August 14, 2007 (EEOC No. 0120072499).    On September 17, 2007, Howard requested reconsideration.    The EEOC denied her request on October 25, 2007 (EEOC Request No. 0520070917).

Howard 22:    Agency Complaint No. 06-67-00124 (filed August 15, 2006) alleged that in retaliation for prior EEO activity, Howard was denied permission to attend the Blacks in Government conference. Howard requested a hearing on September 15, 2006. Howard 22 was consolidated with Howard 21 by order of the Administrative Judge and is the subject of the same remand, Final Agency Decision, appeal, and request for reconsideration as Howard 21.

Howard 23:    Agency Complaint No. 06-67-00207 (filed December 19, 2006) alleged that because of her race, national origin, age, disability, and in retaliation for her prior EEO activity, Howard was denied

5

advanced sick leave. The Report of Investigation was issued on December 17, 2007 and on February 18, 2008, Howard requested a hearing.

Howard 24:    Agency Complaint No. 07-67-00010 (filed on February 16, 2007 and amended on March 27, June 19, July 31, and November 15, 2007) alleges that because of her race, color, national origin, sex, age, disability and in retaliation for her prior EEO activity, Howard was denied a detail opportunity, placed on a 90-day Performance Improvement Plan (PIP), received an unfair performance evaluation for Fiscal Year (FY) 2006, and because of the PIP, she was foreclosed from applying for two GS-13 vacancies in the Office of Export Enforcement.    Howard also alleged that supervisory oversight of her performance while on the PIP was re-delegated several times. Howard's claim concerning her FY 2006 evaluation was dismissed as untimely filed. The remaining issues were accepted for investigation and consolidated with Howard 23. On November 15, 2007, Howard requested to amend Howard 24 to include her FY 2007 performance rating and the issuance of a new PIP. The Agency denied that request, and these claims became the subject of a subsequent complaint, Howard 25. The Report of Investigation on Howard 23 and the accepted claims in Howard 24 was issued on December 17, 2007 and on February 18, 2008. Howard requested a hearing.

Howard 25:    Agency Complaint No. 08-67-00033 (filed February 5, 2008) alleges that because of her race and in retaliation for her prior EEO activity, Howard was placed on a second PIP. This case is under review for acceptance or dismissal.

Howard 26:    Agency Complaint No. 95-67-00385 never became formal. Howard received her Notice of Right to File a Discrimination Complaint on July 7, 1995. The Agency case tracking system does not contain any data on the bases or issues raised in this complaint.

Howard 27:    Agency Complaint No. 08-67-00082 is still in the informal stage. Howard received her Notice of Right to File a Discrimination Complaint on February 20, 2008. She alleges discrimination in awards and performance evaluations dues to her race and in retaliation for prior EEO activity.

6

6.      Regarding Plaintiff Tanya Ward Jordan, office records show that Plaintiff Jordan
        has filed eight (8) formal complaints of discrimination against the Department:

Jordan 1:      Agency Complaint No. 96-51-01100 (filed November 22, 1996)
               alleged failure to promote and discrimination in assignment of
               duties and awards based on race and sex. Jordan 1 was resolved by
               settlement dated June 17, 1998. Ms. Jordan alleged breach of the
               agreement, but the Agency's finding of no breach was sustained by
               EEOC's Office of Federal Operations on July 26, 2001 (EEOC
               Appeal No. 01A12260).

Jordan 2:      Agency Complaint No. 97-51-01890 (filed April 14, 1997) alleged
               failure to promote and discriminatory performance evaluation
               based on race. Jordan 2 was resolved by settlement dated June 17,
               1998. Jordan alleged breach of the agreement, but the Agency's
               finding of no breach was sustained by EEOC's Office of Federal
               Operations on July 26, 2001. (EEOC Appeal No. 01A12260)

Jordan 3:      Agency Complaint No. 97-51-01891 (filed April 14, 1997) alleged
               failure to promote based on race. Jordan 3 was dismissed on July
               2, 1997, for failure to seek timely counseling.

Jordan 4:      Agency Complaint No. 98-51-00690 (filed December 16, 1997)
               alleged discriminatory performance evaluation based on race.
               Jordan 4 was resolved by settlement dated June 17, 1998. Jordan
               alleged breach of the agreement, but the Agency's finding of no
               breach was sustained by EEOC's Office of Federal Operations on
               July 26, 2001. (EEOC Appeal No. 01A12260).

Jordan 5:      Agency Complaint No. 99-51-00707 (filed June 21, 1999) alleged
               discrimination in the processing of prior complaints and was
               dismissed for failure to state a claim on August 19, 1999. The
               Agency's dismissal was sustained by the EEOC's Office of
               Federal Operations on May 30, 2001.  (EEOC Appeal No.
               01A00094)

Jordan 6:      Agency Complaint No. 00-51-03163 (filed October 2, 2000)
               alleged failure to promote to the position of Diversity Program
               Manager. Jordan 6 was subsumed into the Janet Howard class
               action (Howard 6). The case has been held in abeyance pending
               proceedings on Howard 6. The last action on the case as an
               individual administrative complaint was to issue the Report of
               Investigation on January 28, 2002.

7

Jordan 7:      Agency Complaint No. 03-51-00203 (filed December 16, 2003) alleged discrimination on the bases of race and disability, as well as failure to accommodate. Jordan 7 was dismissed on August 22, 2005, because Jordan had filed a civil action in U.S. District Court for the District of Columbia (Civil Case No. 04-0356 (RJL)) on the same allegations. On August 10, 2005, the Court issued a decision in favor of Defendant. The status of further proceedings at the District Court level is unclear, but it appears that Jordan's subsequent appeal and petition for rehearing were denied. Jordan v. Gutierrez, 2006 U.S. App. LEXIS 6185 (D.C. Cir. March 13, 2006); 2006 U.S. App. LEXIS 13412 (D.C. Cir., May 25, 2006)

Jordan 8:      Agency Complaint No. 05-51-00073 (filed May 23, 2005) alleged discriminatory performance appraisal based on reprisal and disability.    The last action on the case as an individual administrative complaint was to issue the Report of Investigation on January 12, 2006.

7.       Regarding Plaintiff Joyce Megginson, office records show that Plaintiff Megginson has filed fifteen (15) formal complaints of discrimination against the Department:[1]

Megginson 1:    Agency Complaint No. 95-61-01610 (filed February 3, 1995) alleged harassment on the bases of sex and race based upon criticisms of her work, a refusal to promote her to GS-11, and other allegedly offensive comments and actions. A finding of no discrimination was issued on September 19, 1997. Megginson filed a civil action on December 12, 1997, which was dismissed without prejudice. Our records show no further proceedings.

Megginson 2:    Agency Complaint No. 95-61-01611 (filed February 3, 1995) alleged harassment on the basis of sex and race stemming from criticisms of her work, a refusal to promote her to GS-11, and other allegedly offensive comments and actions. This complaint was consolidated for processing with Complaint 95-61-001411 (Megginson 6), filed the same date. This complaint and all but two allegations in Complaint No. 95-61-01411 were held in abeyance pending the EEOC's disposition of class Complaint 95-

---

[1]      Between February 3, 1995 and March 10, 1995, Megginson filed three complaints that were virtually identical: Complaint No. 95-61-01410 (Megginson 5), Complaint No. 95-61-01610 (Megginson 1) and Complaint No. 95-61-02550 (Megginson 4). At the time these complaints were filed, our practice was to treat claims that were segregated for processing as "sub-cases" of the original complaint. Subcases were denoted by adding an extra digit to the original case number. Thus, Complaint Nos. 95-61-01411 and 95-61-01412 are sub-cases of 95-61-01410. Complaint Nos. 95-61-01611 and 95-61-01612 are sub-cases of 95-61-01610.

61-02550 (Megginson 4). On November 6, 1996, Megginson withdrew Megginson 4 as a class complaint and processing of Megginson 2 resumed.    On November 6, 1997, Megginson requested a hearing on Megginson 2, but on August 11, 1998, she withdrew her request for a hearing. A final agency decision finding no discrimination was issued on August 24, 1999.

Megginson 3:    Agency Complaint No. 95-61-01612 (filed February 3, 1995) alleged harassment on the bases of sex and race stemming from criticisms of her work, a refusal to promote her to GS-11, and other allegedly offensive comments and actions.  The claims in this sub-case were identical to claims in Megginson 2 but had been assigned a second sub-case number to track Megginson's appeal of our April 20, 1995 decision to hold the claims in abeyance. The appeal was decided in the Agency's favor on May 30, 1996 (Appeal No, 09154477). Megginson 3 was dismissed for stating the same claims as Megginson 2 on November 26, 1996.

Megginson 4:    Agency Complaint No. 95-61-2550 (filed March 10, 1995) alleged harassment on the bases of sex and race.    Plaintiff Megginson originally filed Megginson 4 as a class action. The specific claims are identical to the claims set forth in Megginson 1, 2, and 3. On November 6, 1996, Megginson notified the EEOC that she no longer wanted to proceed as a class agent. Megginson 4 was remanded to the agency for processing as an individual complaint and dismissed for stating the same claim as Complaints 95-61-01411 and 95-61-01611 on November 26, 1996.

Megginson 5:    Agency Complaint No. 95-61-01410 (filed March 10, 1995) alleged harassment on the bases of sex and race. The allegations in Megginson 5 through 7 concern criticisms of Megginson's work, denials of cash awards, unfair performance evaluations, improper assignment of duties, promotional refusals, and other allegedly offensive comments and actions.  A finding of no discrimination was issued on September 19, 1997. Megginson filed a civil action on December 12, 1997, which was dismissed without prejudice. Our records show no further proceedings.

Megginson 6:    Agency Complaint No. 95-61-01411 (filed March 10, 1995) alleged harassment on the bases of sex and race stemming from acts noted above in Megginson 5.  It was consolidated with Megginson 2.  A finding of no discrimination was issued on

9

August 24, 1999.

Megginson 7:    Agency Complaint No. 95-61-01412 (filed March 10, 1995) alleged harassment on the bases of sex and race stemming from acts noted above in Megginson 5. The claims in this sub-case were identical to claims in Megginson 6 but had been assigned a second sub-case number to track Megginson's appeal of our April 20, 1995 decision to hold the claims in abeyance. The appeal was decided in the Agency's favor on May 30, 1996 (EEOC No. 09154477). Megginson 7 was dismissed for stating the same claim as Megginson 6 on November 26, 1996.

Megginson 8:    Agency Complaint No. 95-61-02660 (filed March 31, 1995) alleged failure to promote based on sex and race. A finding of no discrimination was issued on September 19, 1997. Megginson filed a civil action on December 12, 1997, which was dismissed without prejudice. Our records show no further proceedings.

Megginson 9:    Agency Complaint No. 95-61-03560 (filed August 23, 1995) alleged discrimination on the bases of race and sex. We are unable to locate the record of the specific nature of the claims. A finding of no discrimination was issued on September 19, 1997. Megginson filed a civil action on December 12, 1997, which was dismissed without prejudice. Our records show no further proceedings.

Megginson 10:   Agency Complaint No. 96-61-00520 (filed December 15, 1995) alleged discrimination in the assignment of duties based on the bases of race and sex. A finding of no discrimination was issued on September 19, 1997. Megginson filed a civil action on December 12, 1997, which was dismissed without prejudice. Our records show no further proceedings.

Megginson 11:   Agency Complaint No. 97-61-00160 (filed November 21, 1996) alleged harassment and denial of training on the basis of race due to the Agency's refusal to pay Megginson's travel and lodging costs for the Blacks in Government conference in Atlanta. A finding of no discrimination was issued on August 26, 1999.

Megginson 12:   Agency Complaint No. 97-61-00850 (filed February 19, 1997) alleged discrimination on the bases of race and sex when Megginson was denied a performance award, did not receive a timely performance evaluation and was pressured by her supervisor to sign an incomplete evaluation with which she

10

disagreed. A finding of no discrimination was issued on August 26, 1999.

Megginson 13:  Agency Complaint No. 97-61-01450 (filed March 7, 1997) alleged discrimination on the bases of race, age, and sex in the assignment of duties when Megginson was assigned to a new supervisor who directed her to clean up a co-worker's office. A finding of no discrimination was issued on August 26, 1999.

Megginson 14:  Agency Complaint No. 98-61-00630 (filed March 27, 1998) alleged discrimination on the bases of race and sex in awards, performance evaluations, and promotions when the Agency gave her a 1997 rating of "Fully Successful" and only a small cash award and her supervisors refused to meet with her to discuss her rating and her request for a promotion by accretion of duties. A finding of no discrimination was issued November 2, 1999.

Megginson 15:  Agency Complaint No. 01-61-00339 (filed August 28, 2001) alleged harassment on the bases of age, disability, race, color and in retaliation for prior protected activity when Megginson's supervisor attempted to delay her access to personal files stored in her work area while she was on Worker's Compensation leave, the Agency required witnesses to be present while she reviewed her files, and that during this review, an Agency official confiscated one of her documents. A finding of no discrimination was issued on June 18, 2003. On appeal, EEOC's Office of Federal Operations sustained the finding of no discrimination on September 15, 2004 (EEOC No. 01A34978).

Kathryn H. Anderson
Chief, Administration and
  Special Project Division
Office of Civil Rights
U.S. Department of Commerce

FEB 2 1 2008

Date

11