UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JANET HOWARD,                           )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )   Civil Action No. 08-421 (PLF)
                                        )
CARLOS GUTIERREZ, Secretary,            )
U.S. Department of Commerce,[1]         )
                                        )
        Defendant.                      )
_____)

ORDER

Pending before the Court is defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant also invites the Court, in the alternative, to treat its motion to dismiss as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Defendant's Motion to Dismiss [13] at 2 n.2. Defendant's motion to dismiss was filed on May 12, 2008. Plaintiff has yet to oppose the motion.

Because defendant's motion potentially could dispose of this case, the Court will advise plaintiff, who is proceeding *pro se*, of her obligations under the Federal Rules of Civil Procedure and the rules of this Court. See generally Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).

---

[1] Some of plaintiff's papers name Mr. Gutierrez as the sole defendant, while others name various Department of Commerce officials in addition to Mr. Gutierrez. As the head of an agency is the only proper defendant in a suit such as this, see 42 U.S.C. § 2000e-16(c), the Court will proceed as if Mr. Gutierrez is the lone defendant.

>Plaintiff's attention is directed to Local Civil Rule 7(b), which states:

>>Within . . . such . . . time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

L. Civ. R. 7(b).

>Plaintiff's attention is also directed to Rule 56 of the Federal Rules of Civil

Procedure regarding summary judgment, which states in pertinent part:

>>The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Rule 56 also provides:

>>(1) *In General*. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

>>(2) *Opposing Party's Obligation to Respond*. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which provides as follows:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the records relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . . . In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

L. CIV. R. 7(h).

In other words, were this Court to treat defendant's motion to dismiss as a motion for summary judgment, the Court would accept as true any factual assertions contained in affidavits or attachments submitted by defendant in support of its motion unless plaintiff submits her own affidavits or documentary evidence showing that defendant's assertions are untrue. See Neal v. Kelly, 963 F.2d at 456.

The Court may treat as conceded any motion not opposed within the time limits outlined in this Order. Alternatively, the Court may consider on the merits any motion not opposed within the time limits outlined in this Order. Thus, failure to respond to defendant's motion in this case carries with it the risk that this case will be dismissed or that judgment will be entered for defendant. Accordingly, it is hereby

ORDERED that plaintiff shall file her opposition to defendant's motion to dismiss no later than July 25, 2008. If plaintiff does not respond by that date, the Court will treat the motion as conceded.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: July 8, 2008