UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD,<br><br>        Plaintiff,<br><br>        v.<br><br>CARLOS GUTIERREZ, Secretary,<br>U.S. Department of Commerce, *et al.*<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 08-0421 (PLF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY
IN FURTHER SUPPORT OF HIS MOTION TO DISMISS**

Defendant, Carlos Gutierrez, Secretary, U.S. Department of Commerce,[1] by his undersigned attorneys, respectfully submits this Reply in further support of his Motion to dismiss the Complaint. For the reasons stated below, and those set forth in Defendant's Memorandum in Support ("Opening Brief"), pursuant to Rule[2] 12(b)(6), the Court should dismiss the Complaint.

**ARGUMENT**

**I.    PLAINTIFF FAILS TO ADDRESS DEFENDANT'S ARGUMENTS AND THUS CONCEDES THAT THE COMPLAINT SHOULD BE DISMISSED.**

Plaintiff simply fails to address Defendant's arguments set forth in his Opening Brief that the Complaint should be dismissed because Plaintiff has failed to properly exhaust her

---

[1] As the Court noted in its Memorandum Opinion and Order of April 16, 2008, Docket Entry No. 12 ("PI Opinion"), at times Plaintiff appears to also bring this action against certain individuals in their official capacities. PI Opinion at n.1; *see, e.g.*, Compl. at 2. However, as the Court further noted in its PI Decision, "the head of an agency is the only proper defendant in a suit such as this[.]" PI Opinion at n.1, *citing*, 42 U.S.C. § 2000e-16(c). Accordingly, to the extent Plaintiff attempts to name other Agency officials, claims against such individuals should fail. *See id.*; *Howard v. Evans*, 193 F. Supp. 2d 221, 223, n.1 (D.D.C. 2002) (denying Plaintiff Janet Howard's application for a preliminary injunction, noting that the head of an agency is the only proper defendant in a Title VII action).

[2] Unless otherwise noted, defined terms used herein are intended to have the same meaning as those used in Defendant's Opening Brief.

administrative remedies.  *See* Op. Br. at 4-6.  Indeed, instead of addressing such arguments, Plaintiff essentially lodges an opposition that more resembles a complaint for relief than a memorandum explaining why her claims are properly before the Court in this action.

"'It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.'" *United States v. Real Property Identified as: Parcel 03179-005R*, 287 F. Supp. 2d 45, 61 (D.D.C. 2003) (Walton, J.)), *quoting Hopkins v. Women's Div., General Bd. of Global Ministries,* 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (Walton, J.) (citations omitted); *see also Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) (Urbina, J.) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded."); *Elliott v. U.S. Dep't of Justice*, Civ. A. No. 07-0205 (JDB), 2007 WL 3156286, at *1 (D.D.C. Oct. 30, 2007) (Bates, J.) (dismissing case where plaintiff failed to address certain dispositive arguments in his opposition).  Indeed, "[t]he court's role is not to act as an advocate for [a] plaintiff and construct legal arguments on his behalf in order to counter those in [a] motion to dismiss." *Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002) (Urbina, J.).

Applying this authority to this Motion, it is clear that Plaintiff has conceded that she has failed to properly exhaust her administrative remedies as to her claims in the Complaint. Accordingly, the Complaint should be dismissed.

## II.   PLAINTIFF MISREPRESENTS THE RECORD.

Plaintiff's opposition facially fails to address, let alone refute, the well reasoned arguments presented by Defendant in his Motion that support dismissal of this action. Consequently, addressing the contents of Plaintiff's opposition is largely unnecessary in this

Reply.  However, because Plaintiff's opposition contains certain glaring misrepresentations, Defendant feels compelled to briefly discuss the substance of Plaintiff's response.[3]

Particularly troubling is Plaintiff's continued attempt to distort the record regarding the proceedings on her Motion for a Preliminary Injunction ("PI Motion").  Plaintiff's statements regarding Defendant's position and undersigned counsel's representations in telephone conversations with the Court's clerk prior to the hearing on the PI Motion are simply false. Contrary to Plaintiff's unsupported assertions, Defendant through undersigned counsel specifically informed the Court's clerk prior to the Court's hearing on the PI Motion (a) that Defendant was not in a position to prejudge the Agency's decision on Plaintiff's Proposed Removal; (b) that the Agency had plethora of possible responses it could take with regards to the Proposed Removal, ranging from wholly rejecting the proposal, to removing Plaintiff; (c) that Plaintiff would have the opportunity to fully present her arguments concerning the Proposed Removal in writing and orally before the Agency determined how to act on the Proposed Removal; and (d) that although Defendant believed it prudent to continue the normal, routine administrative process regarding the Proposed Removal without regard to Plaintiff's lawsuit, the Agency would agree to refrain from effectuating any decision on such proposal until after April 18, 2008, in order to allow the Court sufficient time to hear, consider and decide Plaintiff's PI Motion.  *See* Def's Opp to PI at 2, n.2; Def's Surreply to PI at 2.  Indeed, Plaintiff's baseless assertions (i) that undersigned counsel said to the Court's clerk that Defendant intended to terminate Plaintiff unless the Court issued a restraining order (*See* Opp. at p. 5, ¶ 13); (ii) that

---

[3]   To avoid unnecessarily burdening the record before the Court, Defendant only addresses the most glaring of factual misrepresentations in Plaintiff's opposition.  However, for the avoidance of doubt, Defendant generally denies the totality of the assertions set forth in Plaintiff's opposition, in particular her unsupported assertions regarding "Related Case Testimony" and her blanket, unsupported assertions that she was discriminated and/or retaliated against by the Agency.  Indeed, Defendant specifically denies that Plaintiff was ever a victim of discrimination or retaliation during her time at the Agency.

Plaintiff's written and oral presentations regarding her Proposed Removal were just a formality (*see id.* p. 6, ¶ 15); and (iii) that Plaintiff would receive a notice of removal 15 days after Plaintiff's administrative presentation, are complete fabrications.

## CONCLUSION

For the reasons stated above, and those set forth in Defendant's Opening Brief, Defendant respectfully requests that the Court dismiss the Complaint.

Dated: August 7, 2008
      Washington, DC

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*