UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JANET HOWARD,                           )
                                        )
              Plaintiff,                )
                                        )
      v.                                )          Civil Action No. 08-0421 (PLF)
                                        )
CARLOS GUTIERREZ, Secretary,            )
U.S. Department of Commerce,            )
                                        )
              Defendant.                )
_____)


MEMORANDUM OPINION

          This matter is before the Court on defendant's motion to dismiss *pro se* plaintiff

Janet Howard's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

("Mot."), Ms. Howard's opposition thereto ("Opp.") and defendant's reply in support of its

motion ("Reply").  For the reasons set forth below, the Court will grant defendant's motion and

dismiss without prejudice Ms. Howard's complaint for failure to state a claim.


I.  BACKGROUND

          The following recitation of facts is taken from the Court's Memorandum Opinion

and Order of April 16, 2008.  See Howard v. Gutierrez, Civil Action No. 08-0421, Memorandum

Opinion and Order (D.D.C. April 16, 2008) (denying Ms. Howard's motion for a preliminary

injunction) ("P.I. Mem. Op.").

          Plaintiff Janet Howard worked for the United States Department of Commerce

("DOC") for over twenty years.  At the time she filed this suit against DOC, she was employed

by the agency as an Export Compliance Specialist.  On November 13, 2007, her supervisor, Todd

Willis, placed her on a Performance Improvement Plan ("PIP").  The stated purpose of the PIP

was to "allow [Ms. Howard] an opportunity to raise [her] performance to [a] satisfactory level."

Plaintiff's Reply Brief in Support of Motion for a Preliminary Injunction and for an Expedited

Hearing and Opposition to Defendant's Motion to Dismiss, Ex. 3, Letter from Todd Willis to

Janet Howard Regarding PIP at 1 (Nov. 13, 2007).  In his letter setting forth the PIP, Mr. Willis

informed Ms. Howard that failure to meet the requirements of the PIP could have adverse

consequences, including demotion or termination.  See id. at 6.  On February 5, 2008, Ms.

Howard filed a formal Equal Employment Opportunity complaint claiming that the November

2007 PIP was discriminatory and retaliatory.

        In a letter dated February 27, 2008, Mr. Willis informed Ms. Howard that, based

on her failure to meet the requirements of the PIP, he was proposing to terminate her

employment.  See Plaintiff's Reply Brief in Support of Motion for a Preliminary Injunction and

for an Expedited Hearing and Opposition to Defendant's Motion to Dismiss, Ex. 4, Letter from

Todd Willis to Janet Howard Regarding Notice of Proposed Removal at 1 (Feb. 27, 2008).  That

letter also stated that the proposed removal would become effective no earlier than 30 days from

Ms. Howard's receipt of the letter.  See id.

        On March 6, 2008, Ms. Howard amended her February 5, 2008 administrative

complaint so that it encompassed not only the November 2007 PIP but also the notice of

proposed removal.  Five days later, on March 11, 2008, Ms. Howard initiated the instant suit and

filed a motion for a temporary restraining order and preliminary injunction (which this Court

treated as a motion for a preliminary injunction).  In that motion, Ms. Howard asked this Court to

2

compel DOC "to cease and desist any attempts to remove her from her government job."
Plaintiff's Memorandum in Support of Emergency Motion for Temporary Restraining Order and
Preliminary Injunction at 4. She argued that DOC's explanation for the notice of proposed
removal – deficient performance – was pretextual, and that DOC in fact sought to terminate her
in retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of
1964, as amended, 42 U.S.C. §§ 2000e *et seq.* The Court heard oral argument on Ms. Howard's
motion for a preliminary injunction on April 14, 2008, and denied that motion in a written
memorandum opinion and order issued April 16, 2008. See P.I. Mem. Op. at 6-7. It appears that
Ms. Howard was removed from her position on April 21, 2008. See Opp. at 7.

On May 12, 2008, DOC filed a motion to dismiss Ms. Howard's complaint
pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The gist of DOC's motion is
that Ms. Howard's complaint must be dismissed because she filed suit before exhausting her
administrative remedies. See Mot. at 1.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a
complaint if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P.
12(b)(6). In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court
clarified the standard of pleading that a plaintiff must meet in order to survive a motion to
dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2)
requires only 'a short and plain statement of the claim showing that the pleader is entitled to
relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon

3

which it rests[.]'" Id. at 1965 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also

Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); Aktieselskabet AF 21 v. Fame Jeans Inc., 525

F.3d 8, 15 (D.C. Cir. 2008).  Although "detailed factual allegations" are not necessary to

withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to

relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of

the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65.  The

Court stated that there was no "probability requirement at the pleading stage," Bell Atlantic Corp.

v. Twombly, 127 S. Ct. at 1965, but "something beyond . . . mere possibility . . . must be

alleged[.]" Id. at 1966.  The facts alleged in the complaint "must be enough to raise a right to

relief above the speculative level," id. at 1965, or must be sufficient "to state a claim for relief

that is plausible on its face." Id. at 1274.  The Court referred to this newly clarified standard as

"the plausibility standard." Id. at 1968 (abandoning the "no set of facts" language from Conley

v. Gibson).  The D.C. Circuit has noted that Twombly "leaves the long-standing fundamentals of

notice pleading intact."  Aktieselskabet AF 21 v. Fame Jeans Inc., 525 F.3d at 15.

       On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court

"must accept as true all of the factual allegations contained in the complaint."  Erickson v.

Pardus, 127 S. Ct. at 2200; see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965; Summit

Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991); Aktieselskabet AF 21 v. Fame Jeans Inc., 525

F.3d at 15.  The complaint "is construed liberally in the [plaintiff's] favor, and [the Court should]

grant [the plaintiff] the benefit of all inferences that can be derived from the facts alleged."

Kowal v. MCI Communications Corp., 16 F.3d at 1276; see also Aktieselskabet AF 21 v. Fame

Jeans Inc., 525 F.3d at 15.  While the complaint is to be construed liberally in plaintiff's favor,

4

the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by

facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions.  See

Kowal v. MCI Communications Corp., 16 F.3d at 1276; Browning v. Clinton, 292 F.3d 235, 242

(D.C. Cir. 2002).

### III.  ADMINISTRATIVE EXHAUSTION

Federal employees must exhaust their administrative remedies before filing suit

under Title VII.  See 42 U.S.C. § 2000e-16(c); Bowden v. United States, 106 F.3d 433, 437 (D.C.

Cir. 1997).  Employees who allege discrimination must consult with an agency Equal

Employment Opportunity counselor before filing a written complaint with the agency accused of

discriminatory practices.  See 29 C.F.R. § 1614.105(a); 29 C.F.R. § 1614.106(a)-(c).  A

complainant "must initiate contact with [an EEO] Counselor within 45 days of the date of the

matter alleged to be discriminatory[.]"  29 C.F.R. § 1614.105(a)(1).  The agency must then

investigate the matter within 180 days, after which the complainant may demand an immediate

final decision from the agency or a hearing before an administrative judge.  See 29 C.F.R.

§ 1614.106(e)(2); 29 C.F.R. § 1614.108(f)-(g).  If an employee subsequently amends her

complaint, the agency has the earlier of 180 days from the last amendment or 360 days from the

filing of the original complaint in which to complete its investigation.  See 29 C.F.R.

§ 1614.106(e)(2).  A complainant may file a civil action only (1) after she has received a final

decision (from the agency or, if she timely appeals from the agency's final decision, from the

Equal Employment Opportunity Commission), or (2) after a specified length of time has passed

without a final decision.  Specifically,

[a] complainant who has filed an individual complaint . . . is authorized under title VII . . . to file a civil action in an appropriate United States District Court:

(a) Within 90 days of receipt of the final [agency] action on an individual or class complaint if no appeal has been filed;

(b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken [by the agency];

(c) Within 90 days of receipt of the [Equal Employment Opportunity] Commission's final decision on an appeal; or

(d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407.  The exhaustion of administrative remedies is not a jurisdictional requirement of the statute.  The failure to exhaust, rather, is an affirmative defense that must be raised by the defendant (as it has been in this case).  See Walker v. Paulson, Civil Action No. 06-1115, 2007 WL 1655879, at *2 (D.D.C. June 7, 2007).

## IV.  DISCUSSION

DOC argues that Ms. Howard's complaint must be dismissed because she failed to exhaust her administrative remedies before filing suit.  Specifically, DOC points out that Ms. Howard filed suit only five days after amending her original administrative complaint – and thus long before the agency was required to complete its investigation of her complaint and longer still before she was entitled to bring claims before this Court.  See Mot. at 4-6; see also 29 C.F.R. § 1614.106(e)(2) (agency is required to conduct an investigation of the administrative complaint within 180 days of the date it was filed or, if the complaint is amended, within the earlier of 180

days from the date of amendment or 360 days from the date of original filing); 29 C.F.R.

§ 1614.407 (individual may file suit within 90 days of receiving a final decision from the agency

or, on appeal, the EEOC; alternatively, individual may file suit after her complaint has been

pending before the agency or the EEOC for 180 days).  Ms. Howard does not deny that she failed

to exhaust her administrative remedies before filing suit, nor does she offer any reasons

supporting waiver, estoppel or equitable tolling of the applicable time limits.  See generally Opp.

Thus, her complaint must be dismissed without prejudice for failure to state a claim.[1]

      A separate Order consistent with this Memorandum Opinion shall be issued this

same day.

      SO ORDERED.


      /s/_____
      PAUL L. FRIEDMAN
      United States District Judge

DATE: March 3, 2009

---

[1]     If the agency has not made a final decision with respect to Ms. Howard's administrative complaint – and the Court assumes this to be the case, as neither party has informed the Court otherwise – then Ms. Howard's administrative complaint has been pending before the agency for more than 180 days as of this date.  That fact, however, does not render Ms. Howard's present lawsuit timely.  Ms. Howard was required to comply with Title VII's exhaustion requirements *before* she filed suit in this Court.  See McAlister v. Potter, Civil Action No. 07-0016, Memorandum Opinion at 5-6 (D.D.C. Aug. 7, 2008) (fact that plaintiff's administrative complaint had been pending before the EEOC for more than 180 days by the time the court addressed defendant's dispositive motion did not prevent dismissal of plaintiff's lawsuit on the ground that it was filed before her complaint had been pending before the EEOC for 180 days; in other words, plaintiff's lawsuit was dismissed as premature because she "failed to meet the requisite time constraints" of Title VII *before* filing suit) (quoting Jones v. Ashcroft, 321 F. Supp. 2d 1, 12 (D.D.C. 2004)).